DocuSign Envelope ID: 92E14C3B-1F56-4DDC-9438-407223549E90

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ARLINDA ROBINSON, *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Action No.  8:19-cv-01025-PX |
| DAVID PYTLEWSKI, M.D., *et al.*, | * | |
| *Defendants*. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*

**STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIAL**

Upon consideration of the Parties' Stipulated Protective Order Regarding Confidentiality of Discovery Material, it is, by the United States District Court for the District of Maryland, ORDERED, that:

1. Designation of Discovery Materials as Confidential. All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL." For the purposes of this Order, "confidential" discovery material means any discovery material or information 1) reasonably believed by the producing entity or

1

DocuSign Envelope ID: 92E14C3B-1F56-4DDC-9438-407223549E90

person not to be in the public domain, for example, because it is or contains information protected from disclosure under federal or state law, sensitive personal information, trade secrets, or other confidential research, development, or commercial information; and 2) the disclosure of which the producing entity or person reasonably believes would adversely affect a party's or other person's privacy or governmental, business, or financial interests.

A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b) Portions of depositions of a party's employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within five business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

DocuSign Envelope ID: 92E14C3B-1F56-4DDC-9438-407223549E90

(c) Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraphs 3 and 4 below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(d) Certain documents may contain information that is so sensitive that it should not be disclosed to any person other than counsel for the parties and counsel's staff, and in particular should not be disclosed to the parties themselves. A Producing Party may designate Discovery Material as "Confidential-Attorneys' Eyes Only" if such party reasonably believes that such Discovery Material contains highly sensitive security or personal information disclosure of which (including to a party) is likely to cause significant harm to an individual or to the business or security of the Producing Party. Such information shall be produced on a "Confidential-Attorneys' Eyes Only" basis and disclosed only to persons permitted under paragraph 4 of this Order. Except as otherwise provided in this Order, information designated "Confidential-Attorneys' Eyes Only" shall not be shown to the Parties, but shall otherwise be treated in the manner as documents designated as "Confidential."

(e) Among the documentation that any party may designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" are the following:

    i. personal identifying information, including, but not limited to, home address, dates of birth, telephone numbers, and social security numbers;

DocuSign Envelope ID: 92E14C3B-1F56-4DDC-9438-407223549E90

    ii.  names and identifying information of witnesses, where disclosure of that information is likely to result in significant harm, including retaliation, against a party, its agents, and representatives;

    iii.  directives, policies or procedures, or visual displays or recordings of a correctional facility or institution where the disclosure of which would result in an immediate, identifiable security risk;

    iv.  information regarding the designation or placement of video cameras at any DPSCS Institution when the disclosure of such information would likely result in an immediate, identifiable security risk;

    v.  case records, medical records, or mental health records of individuals other than James Robinson; and

    vi.  personnel records of an individual.

  2.  All copies of documents containing Confidential Discovery Material or Confidential-Attorneys' Eyes Only Material shall constitute and be treated as Confidential as provided in this Order. Any person making, or causing to be made, copies of any such Discovery Material shall make certain that each such copy bears the appropriate stamp pursuant to the requirements of this Order. Nothing herein shall preclude any arrangement among the parties by which documents or other materials may be copied by the Producing Party.

DocuSign Envelope ID: 92E14C3B-1F56-4DDC-9438-407223549E90

3. Discovery Material designated "Confidential" (but not "Confidential-Attorneys" Eyes Only") may be disclosed, revealed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only as follows:

(a) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to the parties and counsel for the parties, and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iii) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing

DocuSign Envelope ID: 92E14C3B-1F56-4DDC-9438-407223549E90

to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(iv) Disclosure may be made to the Court and its staff and supporting personnel including, but not limited to, court reporters, clerks, stenographic reporters, and videographers.

(b) Except as provided in subparagraph (a) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(c) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

4. Discovery Material designated "Confidential-Attorneys' Eyes Only" may be disclosed, revealed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) Counsel for any party in this Litigation, and regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of this Litigation for use in accordance with this Order;

DocuSign Envelope ID: 92E14C3B-1F56-4DDC-9438-407223549E90

(b) Subject to Paragraph 5, retained experts or retained consultants assisting counsel in this Litigation and their employees and clerical assistants, to the extent reasonably necessary to aid in the prosecution, defense, or settlement of this action;

(c) Subject to Paragraph 5, and with prior permission of the Producing Party, witnesses or deponents and their counsel;

(d) The Court and its staff and supporting personnel including, but not limited to, court reporters, clerks, stenographic reporters, and videographers.

5. Before Confidential Discovery Material or Confidential-Attorneys' Eyes Only Material is disclosed to any person other than those identified in paragraphs 3(a)(i), 3(a)(iv), 4(a) and 4(d), each such person shall execute a copy of the form attached as Exhibit A agreeing to be bound by the terms and conditions of this Order. However, if a witness is to be shown such Discovery Material for the first time at a deposition or hearing, the requirements of this paragraph will be satisfied for purposes of that deposition or hearing if that witness is informed of the Confidential Order and its terms.

6. Confidential Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim

Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (4) of this Confidentiality Order.

7. Challenging Designation of Confidentiality. A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

8. Return of Confidential Material at Conclusion of Litigation. At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

*Allen Honick*

Allen Honick (Bar No. 19822)
Whiteford Taylor & Preston, L.L.P.
7 St. Paul Street, Suite 1400
Baltimore, MD 21202-1636
(T) 410.347.8700
(F) 410.234.2338
ahonick@wtplaw.com
*Counsel for Plaintiffs*

Merrilyn Ratliff (Bar No. 30034)
Michael O. Doyle (Bar No. 11291)
Assistant Attorneys General
Dept. of Public Safety and Corr. Services
300 East Joppa Road, Suite 1000
Towson, MD 21286
(T) 410-339-7339
(F) 410-764-5366
merrilyn.ratliff@maryland.gov

michaelo.doyle@maryland.gov
*Counsel for Defendants State of Maryland and Howard M. Pinn*


/s/ Jason Engel

Jason Engel
Kiernan Trebach LLP
1233 20th Street, NW, 8th Floor
Washington, DC 20036
(T) 202-712-7000
(F) 202-712-7100
jengel@kiernantrebach.com
*Counsel for MHM Services, Inc. and David Pytlewski, M.D.*


**/S/**  

Paul Xinis
United States District Judge

**12/14/2020**

Date

michaelo.doyle@maryland.gov
*Counsel for Defendants State of Maryland and Howard M. Pinn*


/s/ Jason Engel

Jason Engel
Kiernan Trebach LLP
1233 20th Street, NW, 8th Floor
Washington, DC 20036
(T) 202-712-7000
(F) 202-712-7100
jengel@kiernantrebach.com
*Counsel for MHM Services, Inc. and David Pytlewski, M.D.*


**/S/**                                                           **12/14/2020**

Paul Xinis                                                        Date
United States District Judge