# WHITEFORD, TAYLOR & PRESTON L.L.P.

SEVEN SAINT PAUL STREET
BALTIMORE, MARYLAND 21202-1636

MAIN TELEPHONE (410) 347-8700
FACSIMILE (410) 752-7092

ALLEN E. HONICK
ASSOCIATE
DIRECT LINE (410) 659-6420
DIRECT FAX (410) 223-4179
Ahonick@wtplaw.com

DELAWARE*
DISTRICT OF COLUMBIA
KENTUCKY
MARYLAND
MICHIGAN
NEW YORK
PENNSYLVANIA
VIRGINIA

WWW.WTPLAW.COM
(800) 987-8705

February 15, 2021

Merrilyn E. Ratliff, Esq.
Office of the Maryland Attorney General
Dept. of Public Safety & Corr. Servs.
300 E. Joppa Road, Suite 1000
Towson, Maryland 21286

RE: **Discovery Deficiency Letter**
*Robinson v. Pytlewski, et al.*, No. PX-19-01025 (D. Md.)

Dear Ms. Ratliff:

This letter outlines several deficiencies in your client's, the State of Maryland, Responses to the Estate of James C. Robinson's First Requests for Production of Documents. We propounded these Requests on November 30, 2020, and you provided your Responses on January 22, 2021. Kindly supplement your Responses immediately so that we can avoid discovery motions. This is a good faith attempt to resolve a discovery dispute.

## DEFICIENT RESPONSES

**REQUEST NO. 5:** All documents, emails, communications, or correspondence between Dr. Howard Pinn and Dr. David Pytlewski relating in any way to the Decedent, from February 1, 2016 through July 30, 2016.

>  **Response No. 5:** Defendant State objects to this request on the grounds that it is overbroad, unduly burdensome, not limited in scope, assumes facts not established, seeks documents that may be subject to the attorney-client or work-product privileges or implicate the privacy and security of non-parties to this action and security to the institution, and seeks information already within the possession, custody, or control of Plaintiffs, or information not within the possession, custody, or control of Defendant. Notwithstanding, and without waiving or in any way limiting these objections, Defendant states that responsive documents in its possession, custody and control have been previously produced in the emails of Howard Pinn, bearing Bates Nos. STATE-G-000164-000255. Defendant further states that it has requested emails from the account of Dr. David Pytlewski, but due to State personnel records custodians working from home in the wake of the COVID-19 pandemic, the emails are in the process of being collected; once counsel has the opportunity to review and bates stamp, any additional responsive

*Whiteford, Taylor & Preston L.L.P. is a limited liability partnership. Our Delaware offices are operated under a separate Delaware limited liability company, Whiteford, Taylor & Preston L.L.C.*

**EXHIBIT 1**

documents will be forwarded. Defendant reserves the right to amend or supplement this answer as the discovery process continues. Defendant has a continuing duty of disclosure, and will disclose additional documents related to the litigation and responsive to these requests if any such documents are located or obtained.

Please provide an update on the status of Dr. Pytlewski's emails for the requested time period. Although we understand and are sensitive to the collateral consequences of the COVID-19 closures, we believe that approx. 75 days (from 11/30/20) is sufficient time for the State to produce responsive documents.

**REQUEST NO. 11:** Any and all documents and/or correspondence between the State of Maryland/DPSCS/ECI and MHM Services, Inc. that relates to suicide prevention, suicide prevention or mitigation, or suicide monitoring, between January 1, 2012 and December 31, 2016.

> **RESPONSE TO REQUEST NO. 11:** Defendant objects to this Request as overbroad and unduly burdensome, as it does not identify any particular MHM employee or employees or any particular "State of Maryland/DPSCS/ECI" employees who would have exchanged any such responsive emails. The State of Maryland does not have access to emails of MHMH (sic) Services, Inc., employees, and has the capability only of searching individual identified email addresses for responsive documents in specific categories. Notwithstanding, and without waiving or in any limiting these objections, Defendants have previously produced relevant emails in Bates Nos. STATE-G-000164-001051. Defendants also refer Plaintiffs to Response to Request No. 5 above.

To the extent that the State of Maryland is unable to search its email server database for responsive emails, please supplement your Response with any and all responsive emails between the following State employees and MHM Services, Inc. for the requested time period:

1. Lynda Bonieski;
2. Sharon Baucom;
3. Daniel J. Marshall;
4. Howard Pinn;
5. Randall Nero;
6. Stephen Moyer;
7. James K. Holwager; and
8. James Fleming

**REQUEST NO. 19:** The complete Mental Health Services Manual that was in effect from October 1, 2015 through March 14, 2016.

> **RESPONSE TO REQUEST NO. 19:** Due to State personnel records custodians working from home in the wake of the COVID-19 pandemic, responsive materials are in the process of being collected.

**EXHIBIT 1**

Please produce the requested version of the Mental Health Services Manual. Although we understand and are sensitive to the collateral consequences of the COVID-19 closures, we believe that approx. 75 days (from 11/30/20) is sufficient time for the State to produce responsive documents.

**REQUEST NO. 20:** All Suicide Notification Forms (DPSCS Form OPS 124-420-4) from January 1, 2008 through December 31, 2016.

> **RESPONSE TO REQUEST NO. 20**: Defendant the State objects to this request on the grounds that it is overbroad, not sufficiently limited in time and scope, unduly burdensome, assumes facts not established, and seeks documents not relevant to the claims in this case. The State objects that this request seeks information from all DOC institutions for a period of eight years, which is burdensome and unlikely to lead to the discovery of non-privileged, relevant evidence. Further, and perhaps most importantly, the State objects that this Request seeks highly confidential, protected, sensitive medical and mental health information concerning persons who are not parties to this action. The State has already produced responsive documents concerning the Decedent.

This Response is deficient for several reasons. First, to the extent that the State believes that documents responsive to this Request are privileged, the State must provide the Plaintiffs with a privilege log, pursuant to FED. R. CIV. P. 26(b)(5)(A). Second, the parties to this action have entered into a Stipulated Protective Order (ECF 52) for the specific purpose of protecting, *inter alia*, such "confidential, protected, sensitive medical and mental health information" as may be contained within responsive documents. Even in the absence of the Protective Order, the State could still redact the sensitive mental health information from the responsive documents. Therefore, the State's objection on this basis is without merit.

Third, this Request seeks documents that are relevant to the Plaintiffs' claims and are therefore discoverable. Among the numerous allegations in the Complaint, Plaintiffs allege that the State of Maryland "failed to ensure that proper controls and/or protocols were in place to monitor prisoners with severe mental illness, to monitor prisoners with suicidal ideations and tendencies, to monitor prisoners with prescriptions for psychotropic medications, to respond to prisoners' acute conditions and severe medical symptoms, or to provide prisoners with appropriate treatment for their medical conditions while housed at ECI." (ECF 2, ¶ 67). The requested Suicide Notification Forms are clearly encompassed by this allegation and are therefore relevant to the Plaintiffs' claims. Moreover, the requested documents are in the exclusive possession and control of the State of Maryland. Plaintiffs can only obtain these documents through these discovery requests. The Official Committee Note to Rule 26 makes clear: "One party — often an individual plaintiff — may have very little discoverable information. The other party may have vast amounts of information, including information that can be readily retrieved and information that is more difficult to retrieve. In practice these circumstances often mean that the burden of responding to discovery lies heavier on the party who has more information, and properly so."

**EXHIBIT 1**

Therefore, the Request fits plainly within the scope of Rule 26(b)(1). Kindly supplement your Response accordingly.

**REQUEST NO. 29:** Any and all documents relating to quality assurance reviews performed in connection with any suicide deaths at ECI between January 1, 2005 and March 31, 2016.

> **RESPONSE TO REQUEST NO. 29**: Defendant State objects to this request on the grounds that it is overbroad, not sufficiently limited in time and scope, unduly burdensome, and seeks documents not relevant to the claims in this case. The State objects that this request seeks information from ECI for a period of eleven years, which is burdensome and unlikely to lead to the discovery of non-privileged, relevant evidence. Further, and perhaps most importantly, the State objects that this Request seeks highly confidential, protected, sensitive medical and mental health information concerning persons who are not parties to this action. Notwithstanding, and without waiving or in any way limiting these objections, Defendants have previously produced responsive documents relevant to the suicide of James Robinson, at issue in this case. *See*, e.g., documents produced at Bates Nos. STATE-B-000001-000023.

This Response is deficient. First, to the extent that the State believes that documents responsive to this Request are privileged, the State must provide the Plaintiffs with a privilege log, pursuant to FED. R. CIV. P. 26(b)(5)(A). Second, the parties to this action have entered into a Stipulated Protective Order (ECF 52) for the specific purpose of protecting, *inter alia*, such "confidential, protected, sensitive medical and mental health information" as may be contained within responsive documents. Even in the absence of the Protective Order, the State could still redact the sensitive mental health information from the responsive documents. Therefore, the State's objection on this basis is without merit.

This Request seeks documents that are relevant to the Plaintiffs' claims and are therefore discoverable. Among the numerous allegations in the Complaint, Plaintiffs allege that the State of Maryland "failed to ensure that proper controls and/or protocols were in place to monitor prisoners with severe mental illness, to monitor prisoners with suicidal ideations and tendencies, to monitor prisoners with prescriptions for psychotropic medications, to respond to prisoners' acute conditions and severe medical symptoms, or to provide prisoners with appropriate treatment for their medical conditions while housed at ECI." (ECF 2, ¶ 67). The requested quality assurance reviews are clearly encompassed by this allegation and are therefore relevant to the Plaintiffs' claims. Moreover, the requested documents are in the exclusive possession and control of the State of Maryland. Plaintiffs can only obtain these documents through these discovery requests. The Official Committee Note to Rule 26 makes clear: "One party — often an individual plaintiff — may have very little discoverable information. The other party may have vast amounts of information, including information that can be readily retrieved and information that is more difficult to retrieve. In practice these circumstances often mean that the burden of responding to discovery lies heavier on the party who has more information, and properly so."

**EXHIBIT 1**

To the extent that the State maintains its unduly burdensome objection on the basis of the requested time period, such an objection is improper. The requested documents are stored, on information and belief (based upon statutes and regulations that the State has produced in discovery), in one centralized location in an electronic format. Retrieving said records, therefore, should not necessitate an undue burden on the State. Therefore, the Request fits plainly within the scope of Rule 26(b)(1). Kindly supplement your Response accordingly.

**REQUEST NO. 30:** All reports/findings of the Chief Psychologist/Lead at ECI in connection with the administrative reviews of suicide deaths at ECI (as described at STATE-A-000094–95), between January 1, 2005 and March 31, 2016.

> **RESPONSE TO REQUEST NO. 30**: Defendant State objects to this request on the grounds that it is overbroad, not sufficiently limited in time and scope, unduly burdensome, and seeks documents not relevant to the claims in this case. The State objects that this request seeks information from ECI for a period of eleven years, which is burdensome and unlikely to lead to the discovery of non-privileged, relevant evidence. Further, and perhaps most importantly, the State objects that this Request seeks highly confidential, protected, sensitive medical and mental health information concerning persons who are not parties to this action. Notwithstanding, and without waiving or in any way limiting these objections, Defendants have previously produced responsive documents relevant to the suicide of James Robinson, at issue in this case. *See*, e.g., documents produced at Bates Nos. STATE-B-000001-000023.

This Response is deficient. First, to the extent that the State believes that documents responsive to this Request are privileged, the State must provide the Plaintiffs with a privilege log, pursuant to FED. R. CIV. P. 26(b)(5)(A). Second, the parties to this action have entered into a Stipulated Protective Order (ECF 52) for the specific purpose of protecting, *inter alia*, such "confidential, protected, sensitive medical and mental health information" as may be contained within responsive documents. Even in the absence of the Protective Order, the State could still redact the sensitive mental health information from the responsive documents. Therefore, the State's objection on this basis is without merit.

This Request seeks documents that are relevant to the Plaintiffs' claims and are therefore discoverable. Among the numerous allegations in the Complaint, Plaintiffs allege that the State of Maryland "failed to ensure that proper controls and/or protocols were in place to monitor prisoners with severe mental illness, to monitor prisoners with suicidal ideations and tendencies, to monitor prisoners with prescriptions for psychotropic medications, to respond to prisoners' acute conditions and severe medical symptoms, or to provide prisoners with appropriate treatment for their medical conditions while housed at ECI." (ECF 2, ¶ 67). The requested quality assurance reviews are clearly encompassed by this allegation and are therefore relevant to the Plaintiffs' claims. Moreover, the requested documents are in the exclusive possession and control of the State of Maryland. Plaintiffs can only obtain these documents through these discovery requests. The Official Committee Note to Rule 26 makes clear: "One party — often an individual plaintiff — may have very little discoverable information. The other party may have vast amounts of information, including information that can be readily retrieved and information that is more difficult to retrieve. In practice these circumstances often mean that the

**EXHIBIT 1**

burden of responding to discovery lies heavier on the party who has more information, and properly so."

To the extent that the State maintains its unduly burdensome objection on the basis of the requested time period, such an objection is improper. The requested documents are stored, on information and belief (based upon statutes and regulations that the State has produced in discovery), in one centralized location in an electronic format. Retrieving said records, therefore, should not necessitate an undue burden on the State. Therefore, the Request fits plainly within the scope of Rule 26(b)(1). Kindly supplement your Response accordingly.

This is a good faith attempt to resolve a discovery dispute. Please provide your clients' supplemental Responses immediately. Thank you for your attention to this matter.

Sincerely,

Allen E. Honick

AEH:ha
cc: Jason Engel, Esq. (*via email*)

*11655343*

**EXHIBIT 1**