# WHITEFORD, TAYLOR & PRESTON L.L.P.

SEVEN SAINT PAUL STREET
BALTIMORE, MARYLAND 21202-1636

MAIN TELEPHONE (410) 347-8700
FACSIMILE (410) 752-7092

DELAWARE*
DISTRICT OF COLUMBIA
KENTUCKY
MARYLAND
MICHIGAN
NEW YORK
PENNSYLVANIA
VIRGINIA

WWW.WTPLAW.COM
(800) 987-8705

ALLEN E. HONICK
ASSOCIATE
DIRECT LINE (410) 659-6420
DIRECT FAX (410) 223-4179
Ahonick@wtplaw.com

March 2, 2021

Jason R. Engel, Esq.
KIERNAN TREBACH LLP
1233 20th Street, NW, 8th Floor
Washington, D.C. 20036

    **RE:**   **Plaintiffs' Discovery Deficiency Letter to MHM Services, Inc.**
             *Robinson v. Pytlewski, et al.*, No. PX-19-01025 (D. Md.)

Dear Mr. Engel:

      Please accept this letter as a follow up to our telephone call last week concerning ongoing discovery issues. Below are the salient points of our conversation with specific references to the specific documents or categories of documents that we have requested in discovery, but that MHM has refused to produce.[1] Also listed below are deficiencies in MHM's Answers to Interrogatories:

### DEFICIENT DOCUMENT RESPONSES

      1.    Your Response Nos. 2 and 24 state "see attached," but you did not produce any documents with your Responses. Please produce documents responsive to Request Nos. 2 and 24 immediately.

      2.    Your assert privilege-based objections in your Response Nos. 3, 4, 5, 14, 15, 18, 19, 23, 25, 28, 29, and 30. Your Responses do not indicate whether you are withholding responsive documents based on a privilege. Moreover, you have not provided the Plaintiffs with a privilege log. I note that you include a peer review privilege objection in your Response Nos. 3, 4, and 5. However, the Fourth Circuit Court of Appeals long ago explained that federal courts do not recognize a medical peer review privilege. *See Virmani v. Novant Health Inc.*, 259 F.3d 284, 286-87 (4th Cir. 2001) (noting that every federal circuit that has addressed the issue of a federal medical peer review privilege has flatly rejected the assertion). Accordingly, as to any other privilege asserted, please immediately provide a privilege log, as required by Federal Rule 26(b)(5) and Local Rule App'x A, Guideline 10, for each document for which a privilege/protection is asserted.

---

[1] Plaintiffs' served their Requests for Production of Documents on MHM on September 22, 2020, and MHM provided its written Responses on February 23, 2021. MHM did produce two sets of documents before providing its written Responses; a six-page production on December 23, 2020, and a 104-page production on December 29, 2020.

*Whiteford, Taylor & Preston L.L.P. is a limited liability partnership. Our Delaware offices are operated under a separate Delaware limited liability company, Whiteford, Taylor & Preston L.L.C.*

3.      Request No. 8 asks for "all documents in any medium or form to which you had access (between February 2, 206 and March 14, 2016) related to James C. Robinson, whether or not those documents were accessed by you during that time." Your Response states, "Please see the electronic and paper medical record." Your response is deficient because it: (a) fails to identify the documents it purports are responsive to this request; (b) fails to refer to the Bates numbers of the "electronic or paper medical record," to the extent MHM contends that the responsive documents have previously been produced. Please supplement your Response No. 8 immediately.

4.      Request Nos. 11, 12, and 13 ask for documents and communications exchanged by you and your expert witness, or relied upon by your expert witness in forming his opinions in this matter. Each of your Responses state: "Defendant will make all non-privileged, discoverable aspects of its expert's file available at the expert's deposition." Your Responses are deficient. Federal Rule 34(b)(2)(A) requires a party to produce responsive documents "within 30 days after being served." Rule 34 does not include a provision that extends a party's response time with respect to expert discovery. Rule 26(b)(4)(C) provides that communications between counsel and a retained expert are discoverable to the extent that they discuss the expert's compensation, facts or data considered by the expert in forming his/her opinions, and relied-upon assumptions provided by counsel. Accordingly, Plaintiffs are entitled to these documents without delay especially given that you have not objected to the requested documents. Please supplement your Response Nos. 11, 12, and 13 immediately.

5.      Request No. 21 asks for copies of Dr. Pytlewski's personnel or employment files in MHM's possession. Your Response states that you will produce responsive documents as confidential, but you have not produced any such documents. Please produce these responsive documents immediately.

6.      Request No. 23 seeks "[a]ll documents or communications exchanged between [MHM], Dr. Pinn, Dr. Pytlewski, DPSCS, ECI, and/or the State of Maryland concerning the Occurrence, James C. Robinson, and/or James C. Robinson's suicide." You have not produced any responsive documents. Your Response raises privilege objections as referenced in Number 2, *supra*, and raises a joint defense agreement privilege that you contend shields responsive documents from disclosure. Your Response is deficient because you have not provided a privilege log, and because most if not all of the requested documents predate the alleged joint defense agreement by several years.

Your Response further states that notwithstanding any objection, "communications regarding the rendering of mental health care to the Decedent is (sic) contained in the medical chart." This portion of your Response is deficient for several reasons. First, it fails to identify the "medical chart" to which it refers. MHM has not produced any "medical chart" in discovery. To the extent that you refer to documents produced by other parties, please reference the specific documents by Bates number. Second, the "communications" that you reference are not responsive to the Request. Dr. Lynda Bonieskie, Director of Mental Health Services for DPSCS, testified that MHM conducts monthly Suicide Prevention Committee meetings after which

meeting minutes and other documents are exchanged, via email, between, *inter alia*, MHM, DPSCS, and the State of Maryland. We are aware from documents produced by the State of Maryland that Mr. Robinson's suicide death was the subject of discussion during these Suicide Prevention Committee meetings (in 2016). Request No. 23 encompasses these documents. Third, Request No. 23 clearly asks for MHM's communications, which would include emails, concerning Mr. Robinson's death. You have not produced any emails whatsoever. Please supplement your Response immediately.

7. Request No. 25 asks for "[a]ll Administrative Rules and Guidelines, books, protocols, directives, and Administrative Procedures required to be followed by psychiatrists who you employ who consulted with and/or treated prisoners in Maryland for the period of January 1, 2010 through May 1, 2016." You have not produced any responsive documents. Your Response raises objections based on confidentiality, over breadth, undue burden, and vagueness that render the Request "not amenable to a response as phrased." To the extent that you are withholding documents based on confidentiality, please provide a privilege log as required by Federal Rule 26(b)(5) and Local Rule App'x A, Guideline 10, for each document for which a privilege/protection is asserted. Your remaining objections are unfounded. This Request clearly seeks MHM's policies and protocols that it imposed on its psychiatrists for the requested period. Such policies and protocols are essential to the claims and defenses at issue in this case, and are therefore discoverable. Accordingly, please supplement your Response immediately.

8. Request No. 30 asks for "[a]ll documents reflecting prior incidents at ECI similar to the circumstances described in the Complaint." You have not produced any responsive documents. Your Response raises objections based on relevance, confidentiality, over breadth, and undue burden. To the extent that you are withholding documents based on confidentiality, please provide a privilege log as required by Federal Rule 26(b)(5) and Local Rule App'x A, Guideline 10, for each document for which a privilege/protection is asserted. Notwithstanding your objections, your Response refers to "documents produced by the Co-Defendants pertaining to suicide statistics." However, you do not indicate which of the several thousand pages of documents your Response references. Moreover, this Request seeks documents that MHM possesses. Accordingly, please supplement your Response immediately, and state whether MHM has responsive documents that it refuses to provide along with the basis for such refusal, or whether MHM does not possess responsive documents.

**DEFICIENT INTERROGATORY ANSWERS**

1. Interrogatory No. 1 asks MHM to identify "all persons who undertook to investigate the Occurrence, the events leading up to the Occurrence . . . and for each such person state . . . any remedial or corrective action taken as a result of the investigation. . . ." You fail to identify any such individual. You raise privilege-based objections, but fail to provide a privilege log or include the information required by Rule 26(b)(5). You also object on the basis that any subsequent remedial measures "would be inadmissible at trial." Admissibility at trial, however, is not the standard in discovery. Instead, Rule 26(b)(1) provides that a party may discover "any nonprivileged matter that is relevant to any party's claim or defense[,]" and that discoverable

information "need not be admissible in evidence to be discoverable." Your subsequent remedial measure objection is therefore inappropriate as a basis to withhold the requested information. Notwithstanding your objections, you refer to the DPSCS "Internal Investigative Report" and to documents that the State of Maryland produced concerning "the March 1, 2016 morbidity and mortality meeting." Your Answer is deficient because it fails to respond to the Interrogatory. Please supplement your Answer immediately.

2. Interrogatory No. 3 asks for "all documents or sources information in any medium or form which were in the possession, custody, or control of or to which MHM or any person acting for or on its behalf had access (between September 1, 2015 and March 31, 2016) related to James C. Robinson, and for each category of documents or source of information state: (1) how it would have been able to access the documents or source of information; (2) what type of information would be expected to be contained in each category of documents or source of information; (3) which of those documents or sources of information was accessed before March 14, 2016, and (4) identify each person who accessed each such document or source of information and state what documents or information each such person accessed before March 14, 2016."

Notwithstanding your several objections, you refer "to the medical/mental health chart from the prison," but you fail to identify those documents with any particularity. You also state that "[c]ertain aspects of the file, such as the Medication Administration Record were contained in the hard copy file but not in the electronic file." Simply put, your Answer fails to respond to the Interrogatory. To the extent you maintain that "it is unclear what is meant by 'access' to documents," such that you cannot respond appropriately, I refer you to the Mirriam-Webster definition of "access," which means "to get at, to gain access to, such as to be able to use, enter, or get near (something) . . . to open or loan (a computer file, an Internet site, etc.)."[1] Please supplement your Answer immediately.

3. Interrogatory No. 6 asks MHM to identify any admissions or statements against interest that you contend were made by any individual regarding the Occurrence. Your Answer states that you are "not aware of any statements against interest other than any such statements that may be contained in the medical records." Your Answer is deficient for several reasons. First, you do not answer the question—"identify" the statement(s) and the individual(s). Second, you refer to "the medical records," but do not identify the records you reference, the individual(s) making such statements, or the statements themselves. Third, you have not produced any medical records in discovery, so the Plaintiffs have no way to discern what records, individuals, and statements you reference without a more definitive Answer. MHM clearly understood the Interrogatory as evidenced by the absence of any objection and by MHM's reference to unspecific portions of the medical records. The Plaintiffs are entitled to know what, if any, admissions and/or statements MHM contends exist. Accordingly, please supplement your Answer immediately.

4. Interrogatory No. 7 asks whether MHM contends that any other person caused or contributed to the Occurrence or the events described in the Complaint. Your Answer raises a litany of objections, but then incorporates by reference past and future deposition testimony, expert witness reports, and unspecified medical records. Your Answer also makes clear that MHM "expressly denies" any breach in the standard of care. Your Answer fails to address the question—do you contend that anyone else caused or contributed to the death of James C. Robinson. The Plaintiffs are

---

[1] https://www.merriam-webster.com/dictionary/access.

entitled to know in advance of trial if MHM's defense to this lawsuit involves a third party. Accordingly, please supplement your Answer immediately.

5. Interrogatory No. 9 asks MHM to provide the identity of "any person employed by or acting for or on behalf of MHM [who] saw James C. Robinson for the purpose of providing diagnosis, consultation, evaluation, care, treatment, and medication management. . . ." Your Answer refers Plaintiffs "to the prison medical/mental health chart" without providing any reference to particular documents. Plaintiffs cannot discern which providers were employed by whom simply by looking at medical records. The Interrogatory asks MHM a straightforward question, the answer to which is in MHM's exclusive possession and control: Which of your agents or employees diagnosed, consulted with, evaluated, cared for, or treated James C. Robinson? Accordingly, please supplement your Answer immediately.

6. Interrogatory No. 11 asks MHM for the identity of any person(s) who attended or participated in any administrative body, medical committee, or official board to review the death of James C. Robinson. Your Answer refers Plaintiffs to "the DPSCS Internal Investigative Report," and states that "representatives of [MHM] attended the March 16, 2016 Morbidity and Mortality meeting." However, you fail to answer the question; namely, who from MHM participated in any such review? Accordingly, please supplement your Answer immediately.

7. Interrogatory No. 20 asks MHM to identify "all witnesses" who it will call at trial, and to describe its understanding of what information these witnesses possess. Your Answer fails to identify any such individual, and instead states that "all such witnesses will be disclosed during the course of discovery." Your Answer is deficient. Rule 26(a)(1)(A) requires MHM to provide this information to the Plaintiffs. Accordingly, please supplement your Answer immediately.

I ask that you respond to this letter no later than close of business on Tuesday, March 9, 2021. Your failure to adequately respond will leave the Plaintiffs with no choice but to file a motion to compel.

This is a good faith attempt to resolve a discovery dispute.

Sincerely,

Allen E. Honick
Associate

AEH:ha
cc: Merrilyn E. Ratliff, Esq. (*via email*)

*11677032*