

Kiernan Trebach LLP
1233 20th Street, NW
8th Floor
Washington, DC 20036
T: (202) 712-7000
F: (202) 712-7100
KiernanTrebach.com

April 8, 2021

**VIA ELECTRONIC MAIL**
Allen E. Honick, Esq.
Whiteford, Taylor & Preston L.L.P.
7 St. Paul Street
Baltimore, MD 21202-1636

    Re:    Plaintiffs' Discovery Deficiency Letter to MHM Services, Inc.
              *Robinson v. Pytlewski, et al.*, No. PX-19-01025 (D. Md.)

Dear Mr. Honick,

Please take this correspondence as MHM Services, Inc.'s ("MHM") good faith response to your March 2, 2021 deficiency letter. I understand from your April 5, 2021, letter to the Court that you intend to file a Motion to Compel based on your lack of satisfaction with our responses to your discovery requests. I would note that such a Motion would be improper under Local Rule 104.8(a) as more than 30 days have elapsed since the service of our purportedly deficient responses.

MHM incorporates by reference, and will not repeat, its objections/responses to the Requests for the Production of Documents and Interrogatories that you contend are deficient. This letter is meant only to further clarify and, where possible and appropriate, supplement those responses in an effort to avoid a lengthy and unnecessary discovery dispute. I will respond to each allegation of deficiency in the order in which it is made.

**Allegedly Deficient Responses to Requests for the Production of Documents**.

1. You contend that MHM's reference to "attached" documents in response to Plaintiffs' Requests for the Production of Documents 2 and 24 is deficient because no documents were attached. As previously discussed, this response is in reference to the 117 pages of documents MHM produced on or about December 11, 2020 and December 29, 2020 (*see* MHM 1 – MHM 117). Document Request No. 2 is a compound request with seven different categories of documents, and Document Request No. 24 asks for the broad category of all documents related to defenses asserted in MHM's Answer. Arguably, every document produced by the parties in this case would be relevant to the broad categories raised in these requests. MHM will not

Allen E. Honick, Esq.
April 8, 2021
Page 2

> substitute its judgment for Plaintiffs in identifying which documents are relevant to these requests, and is not required to do so under Rule 34.

2. We refer you to the updated privilege log, which will be sent out tomorrow. We disagree with your contention that Maryland's Medical Review Committee privilege as set forth in Maryland Health Occ. Code § 1-401(d)(1) is inapplicable to this action. The case cited in your letter, *Virmani v. Novant Health, Inc.*, 259 F.3d 284 (4th Cir. 2001), is an employment discrimination action that interprets the peer review statute of North Carolina. This case does little to undermine the well-settled principle in Maryland that medical review committee materials are barred from discovery or admission in a civil action arising out of alleged medical malpractice. *St. Joseph Medical Center v. Cardiac Surgery Assoc.*, 392 Md. 75 (2006); *see also Brem v. DeCarlo, Lyon, Hearn & Pazourek, P.A.*, 162 F.R.D., 94, 101-102 (D. Md. 1995) (citing *Etienne v. Mitre Corp.*, 146 F.R.D. 145, 146 (E.D. Va. 1993); *LeMasters v. Christ Hosp.*, 791 F. Supp.188, 189 (D.D. Ohio 1991); Indeed, the *Virmani* court noted that "to recognize hospital review or disciplinary proceedings as privileged in the context of a malpractice action will generally have little impact upon the plaintiff's ability to prove a meritorious claim. For the crucial issue in that type of case is not what occurred at the review proceeding, but whether the defendant was in fact negligent in his care and treatment of the plaintiff." *Virmani*, 259 F.3d at 291 (citing *Memorial Hosp. v. Shadur*, 664 F.2d 1058, 1062 (7th Cir. 1981) (per curiam)). Also, the above-referenced documents are privileged under the self-critical analysis privilege. *See e.*g., *Brem*, 162 F.R.D. at 101-102; citing *Eitenne*, 146 F.R.D. at 147; *see also Hadix v. Caruso*, 2006 US. Dist. LEXIS 72967 (W.D. Mich. Oct. 6, 2006) (recognizing privilege in prisoner civil rights cases and noting that *Virmanim* sidestepped the recognition of the privilege because the privilege was created for medical malpractice cases and there was no clear consensus by state legislators that the privilege be applied to discrimination suits) *see further United States v. King*, 73 F.R.D. 103, 105 (E.D.N.Y. 1976) ("A strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy").

   We further object to production of monthly suicide prevention meeting minutes to the extent that they have no relevance to any party's claims or defenses.

3. James C. Robinson's medical chart constitutes the entirety of the documents in MHM's possession responsive to Document Request No. 8. Arguably, every document in the medical chart is a document "related to" Mr. Robinson, and it thus would be pointless for MHM to specifically identify documents responsive to the request.

4. The category of documents sought in Requests No. 11, 12, and 13, have also been requested by MHM to Plaintiffs, and have not been received (with the exception that each party has provided expert reports). We suggest meeting and conferring to come to a resolution of which expert communications in our position responsive to these requests may be discoverable.

KIERNAN TREBACH

Allen E. Honick, Esq.
April 8, 2021
Page 3

5. Documents related to Dr. Pytlewski's personnel file has already been produced. *See* MHM 001 – MHM 006; PYT 001-043.

6. E-mails from Dr. Pytlewski are contained within Co-Defendant State of Maryland and Dr. Penn's document production, specifically at STATE-G-000164-000255, which has been provided. We have just received additional emails that Centurion identified that may be responsive to Plaintiffs' discovery requests. All responsive, non-privileged emails will be timely produced and any responsive privileged documents will be identified via the Privilege Log.

7. MHM's protocols and procedures, which are responsive to Document Request No. 25, are contained in MHM's document production at MHM 007 – MHM 117.

8. MHM refers to general suicide statistics referenced in the suicide training manuals provided in the State of Maryland and Dr. Penn's document production. MHM also notes that it cannot reveal the names of other inmates in connection with this request as doing so would improperly reveal the protected health information of individuals that are not parties to this case.

**Allegedly Deficient Answers to Interrogatories**.

1. MHM has already identified individual who investigated the incident Detective David Marquette (whose deposition you have already taken). Evidence of remedial or corrective action taken in response to the incident giving rise to the Complaint is privileged under Maryland Health Occ. Code § 1-401(d)(1).

2. As stated in MHM's Answer to Interrogatory No. 3, the only records related to Mr. Robinson that MHM had access to were his medical record that were kept at the prison, which is already in Plaintiffs' possession. As noted previously, Defendant did not have access to OCMS. Defendant is unsure what else Plaintiffs could be referring to other than OCMS and the medical records.

3. It is MHM's position that none of the statements contained in Mr. Robinson's medical chart, which is in Plaintiff's possession, are statements against interest. However, those records demonstrate (*inter alia*) that Mr. Robinson's death was not foreseeable.

4. It is MHM's position that Mr. Robinson's actions caused and/or contributed to his death.

5. It would be unduly burdensome for MHM to review Mr. Robinson's entire medical chart and identify which individual providers were employees of MHM. Plaintiffs are free to narrow Interrogatory No. 11 by listing those providers this Interrogatory is directed at, and MHM will identify which of those providers are MHM employees.

KIERNAN TREBACH

Allen E. Honick, Esq.
April 8, 2021
Page 4

6. MHM currently does not who specifically attended the March 16, 2016, Morbidity and Mortality Meeting other Dr. Pytlewski. With that being said, Dr. Pytlewski stated that in attendance were member(s) of custody leadership staf

7. f, member(s) from Wexford medical leadership staff, and possibly others. Dr. Pytlewski also believes that there may have been a way to attend the meeting by telephone as well. We continue to look for information/documents to identify specifically who attended the meeting in addition to Dr. Pytlewski. Should we obtain the information sought, we will provide you with the names of those individuals.

8. MHM refers Plaintiffs to the Answer to Interrogatory No. 21. Defendant has not determined yet which witnesses it intends to call at trial.

Thank you for your attention to this matter.

                                                        Very Truly Yours,

                                                        */s/ Jason R. Engel*

                                                        Jason R. Engel

cc:  Merrilyn E. Ratliff, Esq. (via email only)

**KIERNAN TREBACH**