| | | |
|---|---|---|
| **BRIAN E. FROSH**<br>Attorney General<br><br>**ELIZABETH F. HARRIS**<br>Chief Deputy Attorney General<br><br>**CAROLYN QUATTROCKI**<br>Deputy Attorney General | <br><br>**STATE OF MARYLAND**<br>OFFICE OF THE<br>ATTORNEY GENERAL<br>Department of Public Safety and<br>Correctional Services<br>6776 Reisterstown Road, Suite 311<br>Baltimore, Maryland 21215 | **STUART M. NATHAN**<br>Assistant Attorney General<br>Principal Counsel<br><br>**MICHAEL O. DOYLE**<br>Assistant Attorney General<br>Deputy Counsel - Litigation<br><br>**LISA O. ARNQUIST**<br>Assistant Attorney General<br>Deputy Counsel<br>Procurement/Personnel<br><br>**SUSAN HOWE BARON**<br>**JUDITH A. BARR**<br>**MARY BETH COLLINS**<br>**SHARON E. CONNERS**<br>**CHRISTOPHER A. HINRICHS**<br>**BEVERLY F. HUGHES**<br>**MATTHEW W. MELLADY**<br>**LAURA MULLALLY**<br>**JAMES S. PASKO**<br>**MERRILYN E. RATLIFF**<br>**JOSEPH M. THOMAS**<br><br>Assistant Attorneys General |
| TELECOPIER NO.<br>410-484-5939 | | WRITER'S DIRECT DIAL NO.<br>410-585-3070 |

July 29, 2022

**VIA ELECTRONIC MAIL ONLY**

The Honorable Ajmel A. Quereshi, Magistrate Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane
Suite 235A
Greenbelt, MD 20770

      Re:   *Robinson, et al. v. Pytlewski, et al.*
            Case No. 8:19-cv-01025-DLB (D. Md.)

Dear Judge Quereshi:

      In accordance with the Court's July 16, 2022, Paperless Order (ECF No. 104), this letter serves as an updated submission by Defendants, the State of Maryland ("the State") and Howard Pinn, PhD. ("Dr. Pinn")(collectively "State Defendants") addressing the outstanding and unresolved discovery disputes discussed in Plaintiffs' Motion to Compel Answers to Interrogatories and Responses to Request for Production from Defendant the State of Maryland and Request for Hearing, the State Defendants' Opposition to Plaintiffs' Motion to Compel, and Plaintiffs' Combined Reply.[1]  *See* ECF Nos. 71, 75, and 78, respectively.

---

[1] Plaintiffs' Reply also addressed the Motion to Compel filed against MHM Services, Inc. (ECF No. 72) and related responses.

The position of the State Defendants regarding the parties' discovery disputes has not changed since the submission of their February 2, 2022, status report (ECF No. 88), which is incorporated here by reference. The State Defendants continue to object to the lack of proportionality between the "core of operative facts" alleged in the amended complaint, ECF No. 101 at 17 (quotation omitted), and the breadth and burdensomeness of many of Plaintiffs' discovery requests, which seek documents and information well beyond those facts. As this Court recently determined, even after the filing of the amended complaint, "the alleged harm on which liability hinges—the ultimate wrong—remains [Mr.] Robinson's 2016 death. . . ." ECF No. 101 at 27. Thus, "the new factual allegations [in the amended complaint] elaborate on the same core set of facts and ultimate wrong alleged in the original complaint." *Id.* The Court noted that, "[u]nder Rule 26, the Court must limit discovery to nonprivileged information that is relevant to the claims and defenses in the case, proportionate to the needs of the case, and not unduly burdensome," and thus determined that the filing of the amended complaint "do[es] not entitle plaintiffs to comprehensive discovery on every allegation . . . ." *Id.* at 29.

As demonstrated in the State Defendants' filings regarding the parties' discovery disputes, much of the material sought by Plaintiffs involves private and protected information concerning the mental health of other inmates and individuals, at other correctional facilities, who are not parties, and which is irrelevant and not proportional to the operative factual allegations in the Amended Complaint. Plaintiffs are already in possession of similar documents concerning Mr. Robinson and his unfortunate death. In an endeavor to reach an agreement, the State Defendants presented a compromise proposal verbally on January 21, 2022, and formalized and memorialized the proposal via email dated January 28, 2022. As of the date of this letter, Plaintiffs have not responded to the State Defendants' efforts to resolve and streamline the discovery issues.

However, in the time after the Court's June 30, 2022, denial of Defendant MHM's Motion for Reconsideration (ECF No. 102), all parties have discussed the possibility of mediation of this matter, including a stay of discovery pending the outcome of the mediation efforts. If the parties are able to resolve this matter through mediation, then the Court need not further consider this protracted discovery dispute. If the parties agree to mediate the case, the State Defendants would then request the Court to: 1) schedule a mediation in this matter; and 2) stay discovery until the completion of mediation.

Thank you for your time and attention to this matter.

Very truly yours,

_____
Merrilyn E. Ratliff
Assistant Attorney General

cc:   Jason Engel (jengel@kiernantrebach.com)
      Allen Honick (allen@fhjustice.com)
      Dave Daneman (ddaneman@wtplaw.com)